■ ELIZABETH M. DOUKAS, Individually and as Parent and Natural Guardian of THOMAS J. DOUKAS, an Infant, et al., Appellants, v EAST MEADOW UNION FREE SCHOOL DISTRICT, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated February 13, 1990, which denied their application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the respondent.

Ordered that the order is affirmed, with costs.

On December 20, 1988, the infant plaintiff, who was 14 years old, was allegedly assaulted by another student outside the junior high school he attended, prior to commencement of classes. The plaintiff's mother brought him to Nassau County Medical Center, where he was found to have sustained a fracture of the proximal third of the humerous. The matter was pursued against the other student in Family Court. However, a notice of claim was not served upon the respondent school district until August 28, 1989, well after the 90-day statutory period. By notice of motion dated January 9, 1990, the plaintiffs moved for leave to serve a late notice of claim and at that time also served a summons and complaint against the school district, the student who allegedly assaulted the infant plaintiff, and the parent of the student, alleging, inter alia, inadequate supervision by employees of the school district. In support of the motion, the plaintiffs set forth no facts to support their conclusory assertion that the school

district thoroughly investigated its role in the incident. The motion was denied. We affirm.

The plaintiffs have failed to "allege adequate facts to establish that the school district * * * had actual knowledge of the facts underlying the claim of [its] negligence within a reasonable time after the [incident] occurred" *(Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574, 575; *Fox v City of New York,* 91 AD2d 624; *cf., Matter of Strevell v South Colonie Cent. School Dist.,* 144 AD2d 733; *Matter of Tetro v Plainview-Old Bethpage Cent. School Dist.,* 99 AD2d 814). Moreover, "[t]he availability of the toll of infancy in proceedings pursuant to General Municipal Law § 50-e (5) does not deprive the court of its discretion in deciding applications for leave to file a late notice of claim nor require that an extension be granted in every case" *(Matter of Katz v Rockville Centre Union Free School Dist., supra,* at 575; *see also, Matter of Coyne v Cold Spring Harbor Cent. School Dist.,* 132 AD2d 660). Here, the delay is not directly related to the infancy, as the plaintiffs concede that they deliberately delayed serving a notice of claim for fear of some possible retaliation by the school district. Under these circumstances, the court did not improvidently exercise its discretion in denying the plaintiffs' motion for leave to serve the late notice of claim *(see, Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256; *Matter of Albanese v Village of Floral Park,* 128 AD2d 611). Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.