■ In the Matter of MARGARET DUNLEA, Respondent, v MAHOPAC CENTRAL SCHOOL DISTRICT, Appellant. [648 NYS2d 673]

—In a proceeding, *inter alia,* pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, Mahopac Central School District appeals from an order and judgment (one paper) of the Supreme Court, Putnam County (Hickman, J.), dated August 29, 1995, which granted the petition.

Ordered that the order and judgment is reversed, on the law and as a matter of discretion, with costs, the petition is denied, and the proceeding is dismissed.

On September 26, 1991, the petitioner, then a 14 year-old student at Mahopac High School, allegedly was injured during a violent altercation with a fellow female student as she was exiting the school premises. In 1993, the petitioner commenced an action to recover damages for personal injuries against her fellow student and the parents of that student. Thereafter, in March 1995, the petitioner commenced the instant proceeding for leave to serve a late notice of claim on the Mahopac Central School District (hereinafter the School District) and to join the School District as a defendant in the pending personal injury action. The Supreme Court granted the petition over the opposition of the School District.

We agree with the School District that the Supreme Court improvidently exercised its discretion in granting the petitioner leave to serve the late notice of claim. The petitioner did not seek permission to serve the notice of claim until some $3^1/2$ years following the incident, and she failed to proffer any excuse whatsoever for this substantial delay (*see, e.g., Matter of Matarrese v New York City Health & Hosps. Corp.,* 215 AD2d 7). Moreover, the delay was manifestly unrelated to her infancy, as evidenced by her ability to commence the related personal injury action in 1993. While this circumstance is not necessarily fatal to an application for leave to serve a late notice of claim (*see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671), the absence of a showing that the delay is the product of the infancy may be considered by the court as one factor militating against the granting of such permission (*see, Matter of Matarrese v New York City Health & Hosps. Corp., supra; Matter of Plantin v New York City Hous. Auth.,* 203 AD2d 579).

Furthermore, we find no evidence in the record to indicate that the School District and its insurance carrier acquired actual knowledge of the facts constituting the petitioner's current negligent supervision claim within 90 days or a reasonable time thereafter so as to obviate prejudice to the School District. While the school principal filled out an incident report on the day following the event, and the School District's car-

rier received a document approximately six months later advising it of the violent altercation, both documents indicated only that the petitioner was the victim of an intentional assault. Therefore, these documents cannot fairly be said to have apprised the School District of the petitioner's present claim that school personnel negligently failed to supervise students (*see, Doukas v East Meadow Union Free School Dist.,* 187 AD2d 552; *see generally, Matter of Gaffney v Town of Hempstead,* 226 AD2d 721; *Matter of Shapiro v County of Nassau,* 208 AD2d 545). Accordingly, the School District previously had no reason to conduct a prompt investigation into the purported negligence, and it therefore would be prejudiced if it was compelled to prepare a defense to the claim at this late date. Given these circumstances, the Supreme Court should have denied the petition. Mangano, P. J., Rosenblatt, Sullivan and Hart, JJ., concur.