■ In the Matter of THOMAS BALDI, Respondent, v MT. SINAI SCHOOL DISTRICT, Appellant. [679 NYS2d 80] —In a proceeding for permission to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), Mt. Sinai School District appeals (1) from an order of the Supreme Court, Suffolk County (Gerard, J.), dated June 9, 1997, which granted the petition, and (2), as limited by its brief, from so much of an order of the same court, dated January 27, 1998, as, in effect, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order dated June 9, 1997, is dismissed, as that order was superseded by the order dated January 27, 1998, made upon renewal and reargument; and it is further,

Ordered that the order dated January 27, 1998, is reversed insofar as appealed from, on the law, the petition is denied, the proceeding is dismissed, and the order dated June 9, 1997, is vacated; and it is further,

Ordered that the appellant is awarded one bill of costs.

According to a student accident report, the petitioner, who was 16 years old, suffered an injury during football practice on September 17, 1994. The report stated: "While participating in a blocking drill, [the petitioner's] knee appeared to lock. When [the petitioner] attempted to stand on his leg, after a brief rest, it again seemed to lock-up". Approximately two-and-one-half years later, on or about February 6, 1997, the petitioner commenced the present proceeding for permission to serve a late notice of claim.

The Supreme Court noted that "the school district had knowledge of the circumstances under which the injury occurred * * * within several days after the incident" (citing, *Matter of Tortorici v East Rockaway Pub. School Dist. No. 19,* 191 AD2d 495). Considering this circumstance and several other factors as well, the Supreme Court concluded that the petitioner was entitled to file a late notice of claim. We disagree.

Neither the student accident report referred to above, nor the "accident and sickness proof of loss form", provided the appellant with " 'knowledge of the specific claim' " which the petitioner now seeks to assert (*Matter of Morrison v New York City Health & Hosps. Corp.,* 244 AD2d 487, 488; *see, Matter of Sica v Board of Educ.,* 226 AD2d 542). In fact, the accident

report does not even provide reasonable notice that an actionable wrong had been committed. Considering these circumstances, together with the showing of prejudice made by the appellant, and the inadequacy of the excuses offered for the delay, we find no basis upon which to permit the petitioner to file a late notice of claim. Bracken, J. P., Sullivan, Goldstein and McGinity, JJ., concur.