■ In the Matter of THOMAS M. RYDER et al., Respondents, v GARDEN CITY SCHOOL DISTRICT, Appellant. [716 NYS2d 97] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Nassau County (Phelan, J.), dated January 20, 2000, which granted the application.

Ordered that the order is reversed, as a matter of discretion, with costs, the petition is denied, and the proceeding is dismissed.

On October 7, 1998, the respondent Thomas M. Ryder, then a student at Garden City High School, allegedly was injured during football practice when he was hit by another student. Approximately 11 months later, the respondents commenced the instant proceeding for leave to serve a late notice of claim on the appellant, the Garden City School District.

We agree with the appellant that the Supreme Court improvidently exercised its discretion in granting the respondents leave to serve a late notice of claim. The respondents did not seek leave to serve a late notice of claim until approximately 11 months after the accident, and they failed to proffer any excuse for this delay (see, Pierce v New York City Hous. Auth., 43 AD2d 842).

Furthermore, there is no evidence that the appellant acquired actual knowledge of the facts constituting the negligent supervision claim within 90 days or a reasonable time thereafter so as to obviate prejudice to the appellant. While the appellant's Athletic Director filled out an accident

claim form two days after the incident, the form indicated only that Thomas M. Ryder was hit and injured by another player during supervised football practice. This form cannot fairly be said to have apprised the appellant of the claim that school personnel negligently failed to supervise students (*see, Matter of Dunlea v Mahopac Cent. School Dist.,* 232 AD2d 558; *accord, Matter of Baldi v Mt. Sinai School Dist.,* 254 AD2d 414).

Accordingly, the appellant had no reason to conduct a prompt investigation into the purported negligence, and it therefore would be prejudiced if compelled to prepare a defense to the claim at this late date (*see, Matter of Dunlea v Mahopac Cent. School Dist., supra*). Given these circumstances, the Supreme Court should have denied the petition. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.