■ SUZAN BENZINGER et al., Appellants, v TOWN OF BROOKHAVEN et al., Defendants, and LONG ISLAND POWER AUTHORITY, Respondent. [735 NYS2d 394] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Kitson, J.), dated November 20, 2000, which granted the motion of the defendant Long Island Power Authority for summary judgment dismissing the complaint insofar as asserted against it for failure to serve a notice of claim, and denied their cross motion for leave to serve a late notice of claim upon that defendant.

Ordered that the order is affirmed, with costs.

The Public Authorities Law, under which the defendant Long Island Power Authority (hereinafter LIPA) was formed, incorporates the provisions of General Municipal Law § 50-e with respect to actions brought against a public authority (*see,* Public Authorities Law § 1020-y [3]). General Municipal Law § 50-e requires, as a condition precedent to a lawsuit against a municipal corporation, timely service of a notice of claim on the municipal corporation (*see, Stallworth v New York City Health & Hosps. Corp.,* 243 AD2d 704). It is undisputed that the plaintiffs failed to serve a notice of claim on LIPA.

In deciding whether to permit the service of a late notice of claim, the court will generally consider three factors: (1) whether the movant has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality or agency acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality in its defense (*see, Carbone v Town of Brookhaven,* 176 AD2d 778; General Municipal Law § 50-e [1]).

The plaintiffs offered an inadequate excuse for their failure to timely serve the notice of claim upon LIPA. Moreover, they do not allege that LIPA possessed actual knowledge of the facts underlying the claim within the 90-day period after the claim arose. Finally, under the circumstances of this case, LIPA would be prejudiced in its defense by virtue of the long delay between the time the claim arose and the filing of the notice of claim and the repair to the allegedly defective sidewalk in the interim. Therefore, the Supreme Court providently exercised its discretion in granting the motion for summary judgment of LIPA and in denying the plaintiffs' cross motion for leave to serve a late notice of claim. Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.