■ In the Matter of ERIKA PRICE et al., Respondents, v BOARD OF EDUCATION OF CITY OF YONKERS, Appellant. [751 NYS2d 286] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Westchester County (LaCava, J.), dated June 5, 2002, which granted the petition.

Ordered that the order is reversed, as a matter of discretion, with costs, the petition is denied, and the proceeding is dismissed.

On October 19, 2001, the petitioner Erika Price, then a student at P.S. 25 in Yonkers, was injured during recess when she allegedly tripped and fell over another student. Approximately 5½ months after the accident, the petitioners commenced the instant proceeding for leave to serve a late notice of claim on the appellant, Board of Education of the City of Yonkers.

We agree with the appellant that the Supreme Court improvidently exercised its discretion in granting the petitioners leave to serve a late notice of claim. The petitioners failed to offer any excuse for the 5½-month delay in seeking leave to serve a late notice of claim (*see Matter of Bergmann v County of Nassau,* 297 AD2d 807; *Mack v City of New York,* 265 AD2d 308).

Furthermore, there is no evidence that the appellant acquired actual knowledge of the facts constituting the negligent supervision claim within 90 days or a reasonable time thereafter so as to obviate prejudice to it. While the appellant's school principal came to the scene of the accident and filled out a report of the accident, the form only indicated that Erika Price was injured as she was running from a child and tripped over another child. This form cannot fairly be said to have apprised the appellant of the claim that the appellant negligently failed to supervise the students (*see Matter of Ryder v Garden City School Dist.,* 277 AD2d 388; *Matter of Dunlea v Mahopac Cent. School Dist.,* 232 AD2d 558; *Matter of Baldi v Mt. Sinai School Dist.,* 254 AD2d 414). Accordingly, the appellant had no reason to conduct a prompt investigation into the purported negligence, and therefore it would be prejudiced if compelled to prepare a defense to the claim at this late date (*see Matter of Ryder v Garden City School Dist., supra*). Given these circumstances, the Supreme Court should have denied the petition. Feuerstein, J.P., Smith, O'Brien and Adams, JJ., concur.