■ JEANETTE CORRALES et al., Respondents, v MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT, Appellant. [762 NYS2d 908] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 18, 2002, as, upon granting its motion for leave to reargue and renew the plaintiffs' prior motion for leave to serve a late notice of claim, which was determined by order of the same court dated October 23, 2002, adhered to the original determination insofar as it granted the infant plaintiff leave to serve a late notice of claim pursuant to General Municipal Law § 50-e.

Ordered that the order is reversed insofar as appealed from, with costs, the order dated October 23, 2002, is vacated, and the motion for leave to serve a notice of claim is denied in its entirety.

The Supreme Court improvidently exercised its discretion in granting the motion for leave to serve a late notice of claim on behalf of the infant plaintiff. The plaintiffs failed to offer any reasonable excuse for the two-year delay in seeking leave (*see Doukas v East Meadow Union Free School Dist.,* 187 AD2d 552, 553 [1992]).

Nor is there evidence that the Middle Country Central School District (hereinafter the School District) acquired actual knowledge of the facts constituting the claim of negligent hiring and negligent supervision within 90 days of accrual or a reasonable time thereafter. The "Student Incident Report" prepared after

the accident in question indicated that the infant plaintiff was injured during an emergency drill when she hopped off the back of a bus. This cannot fairly be said to have apprised the School District of the claim that it was negligent in hiring and training its employees and that it failed to properly supervise the infant (*see Matter of Price v Board of Educ.*, 300 AD2d 310 [2002]; *Matter of Ryder v Garden City School Dist.*, 277 AD2d 388 [2000]; *Matter of Dunlea v Mahopac Cent. School Dist.*, 232 AD2d 558 [1996]).

Accordingly, there was no reason for the School District to conduct a prompt investigation, and thus it would be prejudiced if it was compelled to prepare a defense at this late date (*see Matter of Price v Board of Educ., supra* at 311; *Matter of Ryder v Garden City School Dist., supra* at 389; *Matter of Dunlea v Mahopac Cent. School Dist., supra* at 560). Feuerstein, J.P., Schmidt, Mastro and Rivera, JJ., concur.