■ In the Matter of PETER CONROY et al., Respondents, v SMITHTOWN CENTRAL SCHOOL DISTRICT, Appellant. [770 NYS2d 428]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Suffolk County (Burke, J.), dated January 7, 2003, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

General Municipal Law § 50-e requires, as a condition precedent to a lawsuit against a municipal corporation, timely service of a notice of claim on the municipal corporation (*see Benzinger v Town of Brookhaven*, 288 AD2d 412 [2001]). In deciding whether to permit the service of a late notice of claim, the court generally will consider three factors: (1) whether the movant has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality or agency acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality in its defense (*see* General Municipal Law § 50-e [1]; *Benzinger v Town of Brookhaven, supra*).

There is no evidence that the Smithtown Central School District acquired actual knowledge of the facts constituting the petitioners' negligent supervision claim within 90 days or a reasonable time thereafter (*see Matter of Dunlea v Mahopac Cent. School Dist.*, 232 AD2d 558 [1996]). The incident report prepared by the mother of the infant petitioner on the day following the accident stated only that, in attempting to lift a chair into an overhead position, while carrying the chair from one classroom to another, the infant petitioner lost control and the chair struck him in the forehead. Florio, J.P., Krausman, Luciano, Townes and Rivera, JJ., concur.