In the Matter of MARIA DEL CARMEN, Respondent, v BRENTWOOD UNION FREE SCHOOL DISTRICT, Appellant. [777 NYS2d 152]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the Brentwood Union Free School District appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated November 5, 2003, which granted the application.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the application is denied.

The Supreme Court improvidently exercised its discretion in granting the petitioner leave to serve a late notice of claim approximately five months after the expiration of the 90-day statutory period (*see* General Municipal Law § 50-e [5]). There is no evidence that the Brentwood Union Free School District (hereinafter the School District), acquired actual knowledge of the facts constituting the claim of negligent hiring and negligent

supervision within 90 days after the claim arose or a reasonable time thereafter. The report sent to the petitioner's parents by the school nurse after the subject accident indicated that the petitioner was injured when she fell off a table in the technology room. This cannot fairly be said to have apprised the School District of the claim that it was negligent in hiring and training its employees and that it failed to properly supervise the petitioner (*see Corrales v Middle Country Cent. School Dist.*, 307 AD2d 907, 908 [2003]; *Matter of Price v Board of Educ. of City of Yonkers*, 300 AD2d 310, 311 [2002]; *Matter of Brown v County of Westchester*, 293 AD2d 748, 749 [2002]; *Matter of Ryder v Garden City School Dist.*, 277 AD2d 388, 389 [2000]).

Furthermore, the petitioner's excuse for failing to serve a timely notice of claim, that she did not realize the serious nature of her injuries until after the expiration of the statutory period, did not explain the approximately five-month delay between the time that the claimed injuries were diagnosed and the making of the application for leave to serve a late notice of claim (*see Matter of Bordan v Mamaroneck School Dist.*, 230 AD2d 792, 793 [1996]; *Matter of Shea v City of New York Bd. of Educ.*, 222 AD2d 510, 511 [1995]). In addition, the petitioner did not establish that the approximately five-month delay after the expiration of the 90-day period would not substantially prejudice the School District in maintaining a defense on the merits (*see Igneri v New York City Bd. of Educ.*, 303 AD2d 635 [2003]; *Matter of Lorseille v New York City Hous. Auth.*, 295 AD2d 612 [2002]; *Matter of Castlegrande v Mahopac Cent. School Dist.*, 292 AD2d 604, 605 [2002]). Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.