■ In the Matter of RENNELL S. et al., Appellants, v NORTH JUNIOR HIGH SCHOOL et al., Respondents, et al., Respondent. [784 NYS2d 623]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated December 23, 2003, as denied their petition for leave to serve a late notice of claim upon North Junior High School, Newburgh Board of Education, and Newburgh Enlarged City School District.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the petitioners' contention, the Supreme Court providently exercised its discretion in denying their petition for leave to serve a late notice of claim upon the respondents-respondents. In determining whether to grant leave to serve a late notice of claim, the court must consider certain factors, including, inter alia, whether an infant is involved, whether the claimant has demonstrated a reasonable excuse for failing to timely serve a notice of claim, whether the respondents acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and whether the respondents-respondents were substantially prejudiced by the delay (*see* General Municipal Law § 50-e [5]; *Matter of Brown v County of Westchester,* 293 AD2d 748 [2002]; *Matter of Fierro v City of New York,* 271 AD2d 608, 609 [2000]).

Whether to grant a petition for leave to serve a late notice of claim is committed to the sound discretion of the court (*see Moise v County of Nassau*, 234 AD2d 275, 276 [1996]).

Although infancy automatically tolls the statutory period for commencing an action against a municipality (*see* General Municipal Law § 50-i; CPLR 208; *Henry v City of New York*, 94 NY2d 275, 278 [1999]), the infancy of an injured claimant does not, by itself, compel the granting of a petition for leave to serve a late notice of claim (*see Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 266 [1980]; *Matter of Knightner v City of New York*, 269 AD2d 397 [2000]; *Matter of Russ v New York City Hous. Auth.*, 198 AD2d 361, 362 [1993]). Here, the petitioners failed to establish a reasonable excuse for the delay, as there was no nexus between the injured petitioner's infancy and the delay in serving the notice (*see Matter of N.M. v Westchester County Health Care Corp.*, 10 AD3d 421 [2004]; *Matter of Nairne v New York City Health & Hosps. Corp.*, 303 AD2d 409 [2003]; *Perre v Town of Poughkeepsie*, 300 AD2d 379, 380 [2002]; *Matter of Knightner v City of New York, supra*). In addition, the petitioners failed to submit sufficient evidence to establish that the infant petitioner's mental condition caused the delay in serving the notice of claim, or to establish any valid excuse for the delay in making the instant application (*see Matter of Nairne v New York City Health & Hosps. Corp., supra; Matter of Matarrese v New York City Health & Hosps. Corp.*, 215 AD2d 7, 9 [1995]). Moreover, the petitioners did not rebut the assertion of the respondents-respondents that the delay in this case substantially prejudiced their ability to investigate and defend against it (*see Matter of Deegan v City of New York*, 227 AD2d 620 [1996]; *Moran v New York City Hous. Auth.*, 224 AD2d 257, 258 [1996]).

Finally, the petitioners failed to establish that the respondents-respondents received actual notice of the facts constituting the claim within 90 days after the accrual of the claim. "What satisfies the statute is not knowledge of the wrong but notice of the claim. The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (*Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542, 543 [1996]; *see Matter of Cotten v County of Nassau*, 307 AD2d 965, 967 [2003]). As the relevant factors favor the respondents-respondents, the Supreme Court providently exercised its discretion in denying the petition.

The petitioners' remaining contentions are without merit. Smith, J.P., Adams, Crane and Skelos, JJ., concur.