■ DIANA CONTE, Respondent, v VALLEY STREAM CENTRAL HIGH SCHOOL DISTRICT, Appellant. [804 NYS2d 101]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated December 14, 2004, which denied its motion to dismiss the complaint and granted the plaintiff's cross motion for leave to serve a late notice of claim.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the cross motion is denied.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's cross motion for leave to serve a late notice of claim approximately 11 months after the expiration of the 90-day statutory period (see General Municipal Law § 50-e [5]). The accident claim form processed by the defendant two months after the accident failed to apprise the defendant of the plaintiff's claim that the defendant was negligent in supervising and managing its students and in failing to provide adequate safety equipment (see Matter of del Carmen v Brentwood Union Free School Dist., 7 AD3d 620 [2004]; Matter of Conroy v Smithtown Cent. School Dist., 3 AD3d 492, 493 [2004]; Corrales v Middle Country Cent. School Dist., 307 AD2d 907, 908 [2003]; Matter of Price v Board of Educ. of City of Yonkers, 300 AD2d 310, 311 [2002]). The plaintiff also failed to establish a reasonable excuse for the delay, as there was no nexus between the plaintiff's infancy and the delay in serving the notice (see Matter of Doe v Goshen Cent. School Dist., 13 AD3d 526 [2004]; Matter of Rennell S. v North Jr. High School, 12 AD3d 518, 519 [2004]; Matter of Nairne v New York City Health & Hosps. Corp., 303 AD2d 409 [2003]). Moreover, the plaintiff failed to rebut the defendant's assertion that the lengthy delay in this case

substantially prejudiced its ability to investigate and defend against the claim (*see Matter of Doe v Goshen Cent. School Dist., supra* at 527; *Matter of Landa v City of New York*, 252 AD2d 525, 526 [1998]; *Matter of Deegan v City of New York*, 227 AD2d 620 [1996]).

We have not considered the affidavit improperly submitted by the plaintiff for the first time with her papers in reply to the opposition to the cross motion (*see Rengifo v City of New York*, 7 AD3d 773 [2004]; *Perre v Town of Poughkeepsie*, 300 AD2d 379, 380 [2002]; *Constantine v Premier Cab Corp.*, 295 AD2d 303, 304 [2002]). H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.