■ In the Matter of KENDALL SCOTT, Respondent, v HUNTINGTON UNION FREE SCHOOL DISTRICT, Appellant. [816 NYS2d 165]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the Huntington Union Free School District appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered October 18, 2005, which granted the petition.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, and the petition is denied.

The Supreme Court improvidently exercised its discretion in granting the petition. General Municipal Law § 50-e (7) provides, in pertinent part, "[w]here the application is for leave to serve a late notice of claim, it shall be accompanied by a copy of the proposed notice of claim." Here, no proposed notice of claim was submitted as part of the petition. This was sufficient justification by itself to deny the petition (*see* General Municipal Law § 50-e [7]; *Perre v Town of Poughkeepsie*, 300 AD2d 379, 380 [2002]). Moreover, the petitioner failed to establish that the Huntington Union Free School District (hereinafter the School District) had actual notice of the essential facts of

the claim within 90 days after the claim arose or a reasonable time thereafter. The petitioner failed to establish that the School District had notice or knowledge of the specific nature of the claim. Mere general knowledge that an injury has occurred is insufficient to provide the requisite notice (*see Matter of Termini v Valley Stream Union Free School Dist. No. 13,* 2 AD3d 866, 867 [2003]; *Pappalardo v City of New York,* 2 AD3d 699 [2003]; *Matter of Cotten v County of Nassau,* 307 AD2d 965, 967 [2003]; *Matter of Brown v County of Westchester,* 293 AD2d 748 [2002]). The accident claim form filled out by the petitioner also did not provide notice of the nature of his present negligence claim. It simply states, "[r]ight knee injured on school recess." This document cannot fairly be said to have apprised the School District of the petitioner's claim that the School District was negligent in supervising or equipping the tackle football game in which the petitioner participated at recess (*see Matter of Conroy v Smithtown Cent. School Dist.,* 3 AD3d 492, 493 [2004]; *Corrales v Middle Country Cent. School Dist.,* 307 AD2d 907 [2003]; *Matter of Dunlea v Mahopac Cent. School Dist.,* 232 AD2d 558, 559-560 [1996]; *Matter of Ryder v Garden City School Dist.,* 277 AD2d 388 [2000]).

Moreover, the petitioner did not have a valid excuse for the five-year delay in seeking to serve a notice of claim. The petitioner attributes the delay to his reliance on the representation of the School District that it would assume responsibility for the petitioner's medical expenses. However, the petitioner failed to indicate when or where the School District allegedly made this promise. Even if this Court were to find that the payment by the School District of the petitioner's medical expenses for three years excused the serving of a notice of claim during that time period, the petitioner offers no valid excuse for the additional two-year delay which ensued before this application being brought (*see Matter of del Carmen v Brentwood Union Free School Dist.,* 7 AD3d 620, 621 [2004]).

Finally, since the School District did not have actual knowledge of the essential facts constituting the negligence claim until approximately five years after the date of the incident, it would be unduly prejudiced in its ability to prepare a defense (*see Corrales v Middle Country Cent. School Dist., supra; Matter of Ryder v Garden City School Dist., supra* at 389; *Matter of Dunlea v Mahopac Cent. School Dist., supra* at 560). Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.