■ In the Matter of MEGHAN SCOLO et al., Respondents, v CENTRAL ISLIP UNION FREE SCHOOL DISTRICT, Appellant. [838 NYS2d 577]—

In a proceeding pursuant to General Municipal Law § 50-e (5)

for leave to serve a late notice of claim, Central Islip Union Free School District appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated July 7, 2006, which granted the petition.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the petition is denied.

On November 9, 2004 the infant petitioner was six years old and in the first grade at an elementary school operated by the appellant Central Islip Union Free School District (hereinafter the School District). During gym class that day, a fellow classmate came into such forceful contact with the infant plaintiff that she needed five or six stitches above her upper lip. That day, the school's nurse filled out an accident report, in which she wrote that the infant petitioner "was trying to pick up a ball when another student did not see her and ran into [her]."

Some time after a medical examination on August 13, 2005 the infant petitioner allegedly "developed" a scar above her upper lip. A doctor then recommended that she undergo plastic surgery to repair that scar.

On January 18, 2006 the infant petitioner and her father commenced the instant proceeding seeking leave to serve a late notice of claim upon the School District. The infant petitioner, who asserted that her classmate had "violently struck" her in her face during the gym class, and that the School District was aware that her classmate had violent propensities yet negligently supervised her, thereby sought to commence an action against the School District to recover damages for the injuries that she sustained as a result of the incident. The Supreme Court granted the petition, and thus permitted the infant petitioner and her father to serve a late notice of claim. We reverse.

Timely service of a notice of claim is a condition precedent to the commencement of an action, founded on a common-law tort, against a school district (*see* Education Law § 3813 [2]; General Municipal Law § 50-i [1]). In determining whether to permit the service of a late notice of claim, the court will generally consider three factors: (1) whether the petitioner has a reasonable excuse for his or her failure to timely serve a notice of claim; (2) whether the school district acquired actual notice of the essential facts of the claim within 90 days after the claim arose, or a reasonable time thereafter; and (3) whether the delay would substantially prejudice the school district in its defense (*see Matter of Doyle v Elwood Union Free School Dist.,* 39 AD3d 544 [2007]; *Matter of Padovano v Massapequa Union Free School Dist.,* 31 AD3d 563, 564 [2006]; *Matter of Conroy v*

*Smithtown Cent. School Dist.,* 3 AD3d 492, 493 [2004]; *Matter of Bordan v Mamaroneck School Dist.,* 230 AD2d 792 [1996]; *Matter of Sica v Board of Educ. of City of N.Y.,* 226 AD2d 542, 542-543 [1996]).

Upon consideration of these factors, we find that the Supreme Court improvidently exercised its discretion in granting the petitioners leave to serve a late notice of claim upon the School District. The proffered excuse for the delay, to the effect that the petitioners were not aware of the extent of the infant petitioner's injuries, was inadequate (*see Matter of Greene v City of Middletown,* 5 AD3d 384, 385 [2004]; *see also Matter of del Carmen v Brentwood Union Free School Dist.,* 7 AD3d 620, 621 [2004]). Furthermore, while the school's nurse prepared an accident report at the time of the incident, that report, which merely indicated that the infant petitioner had been injured during a gym class as a result of an accident, did not establish that the School District had actual knowledge of the essential facts underlying her claim of negligent supervision within 90 days of the incident or a reasonable time thereafter (*see Matter of Doyle v Elwood Union Free School Dist., supra; Matter of Scott v Huntington Union Free School Dist.,* 29 AD3d 1010, 1011 [2006]; *Conte v Valley Stream Cent. High School Dist.,* 23 AD3d 328 [2005]; *Matter of del Carmen v Brentwood Union Free School Dist., supra* at 621; *Matter of Conroy v Smithtown Cent. School Dist., supra* at 493; *Matter of Price v Board of Educ. of City of Yonkers,* 300 AD2d 310, 311 [2002]; *Matter of Ryder v Garden City School Dist.,* 277 AD2d 388, 388-389 [2000]; *Matter of Dunlea v Mahopac Cent. School Dist.,* 232 AD2d 558, 559-560 [1996]). Finally, because the report did not give the School District a reason to conduct a prompt investigation into its alleged negligence, it would therefore be prejudiced if it were compelled to prepare a defense to the claim at this late date (*see Matter of Price v Board of Educ. of City of Yonkers, supra* at 311; *Matter of Ryder v Garden City School Dist., supra* at 388-389; *Matter of Dunlea v Mahopac Cent. School Dist., supra* at 559-560). Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.