■ In the Matter of Pawan Kumar, Appellant, v City of New York et al., Respondents. [860 NYS2d 144]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated January 23, 2007, which denied the petition.

Ordered that the order is affirmed, with costs.

The petitioner alleged that he was injured when an unhinged, heavy, metal door fell on him while he was working in a clinic owned and operated by the respondents.

Contrary to the petitioner's contention, the Supreme Court providently exercised its discretion in denying his petition for leave to serve a late notice of claim upon the respondents. In determining whether to grant leave to serve a late notice of claim, the court must consider certain factors, including, inter alia, whether the claimant demonstrated a reasonable excuse for failing to timely serve a notice of claim, whether the respondents acquired actual knowledge of the facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the respondents were substantially prejudiced by the delay (see General Municipal Law § 50-e [5]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138 [2008]; Matter of Rennell S. v North Jr. High School, 12 AD3d 518 [2004]; Matter of Valestil v City of New York, 295 AD2d 619 [2002]).

The petitioner's allegation that he was bedridden following his hospitalization for the injuries that he allegedly sustained as

a result of the accident, and consequently could not retain counsel and serve a notice of claim until 17 days after the 90-day period to serve a notice of claim expired, was not supported by the evidence. The hospital records submitted by the petitioner in support of this allegation indicate that the petitioner was released from the hospital two months before the expiration of the 90-day period.

Where the documentary evidence does not clearly establish the claim of incapacity preventing timely service of a notice of claim, a physician's affidavit must be submitted to support the claim (see Matthews v New York City Hous. Auth., 210 AD2d 205 [1994]; Matter of Kressner v Town of Malta, 169 AD2d 927 [1991]; Matter of Mandia v County of Westchester, 162 AD2d 217 [1990]; Matter of Mallory v City of New York, 135 AD2d 636 [1987]). However, when a petition for leave to serve a late notice of claim is timely made within the applicable statute of limitations, the absence of a reasonable excuse for the delay is not necessarily fatal when weighed against other relevant factors (see Jordan v City of New York, 41 AD3d 658 [2007]; Matter of Johnson v City of New York, 302 AD2d 463 [2003]). Here, the petitioner did not satisfy the other relevant factors set forth in General Municipal Law § 50-e (5). The record did not contain evidence that the respondents were apprised of the petitioner's claim other than by the late notice of claim itself. It cannot be said that the late notice of claim served by the petitioner provided sufficient notice of the essential facts constituting his claim within 90 days or soon thereafter, thus failing to meet the burden of demonstrating that the respondents were provided with timely knowledge of the facts that underlie the legal theories on which liability is predicated and would not be significantly prejudiced by the delay (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138 [2008]). The petitioner's notice of claim did not specify the precise location in the basement where the accident occurred (see Matter of Narcisse v Incorporated Vil. of Cent. Islip, 36 AD3d 920 [2007]), did not describe how the accident occurred, what the petitioner was doing at the time, who employed the petitioner, or if any witnesses were present. Additionally, the petitioner asserted no facts to support the contention that the respondents would not be prejudiced by the delay in their investigation and defense of the claim (see Matter of Bruzzese v City of New York, 34 AD3d 577 [2006]). Fisher, J.P., Santucci, Balkin and Belen JJ., concur.