In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Half Hollow Hills Central School District No. 5 appeals from so much of an order of the Supreme Court, Suffolk County (Pitts, J), dated February 25, 2008, as granted that branch of the petition which was for leave to serve a late notice of claim upon it.
Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the petition which was for leave to serve a late notice of claim upon Half Hollow Hills Central School District No. 5 is denied.
The Supreme Court improvidently exercised its discretion in *475 granting that branch of the petition which was for leave to serve a late notice of claim upon the appellant. In support of his petition, the petitioner submitted his mother’s affidavit, which alleged that she provided “detailed information concerning what had transpired” to the school nurse within a week after the petitioner was injured during a wrestling scrimmage. This statement was insufficient to establish that the appellant acquired, within 90 days or a reasonable time after the accident, actual knowledge of the essential facts constituting the present claim that the appellant was negligent in supervising or positioning the members of the wrestling team during the scrimmage (see Matter of Scolo v Central Islip Union Free School Dist., 40 AD3d 1104 [2007]; Matter of Padovano v Massapequa Union Free School Dist., 31 AD3d 563 [2006]; Matter of Scott v Huntington Union Free School Dist., 29 AD3d 1010, 1011 [2006]; Conte v Valley Stream Cent. High School Dist., 23 AD3d 328 [2005]; Matter of del Carmen v Brentwood Union Free School Dist., 7 AD3d 620, 621 [2004]; Matter of Ryder v Garden City School Dist., 277 AD2d 388, 389 [2000]).
Further, even if this Court were to excuse the petitioner’s initial delay of one year and eight months in serving a notice of claim based upon his assertions that he was unaware of the severity of his left elbow injury (see Matter of Hursala v Seaford Middle School, 46 AD3d 892, 893 [2007]; Matter of Vitale v Elwood Union Free School Dist., 19 AD3d 610 [2005]), the petitioner offered no valid excuse for the additional delay of one year and five months that ensued before commencing a proceeding for leave to serve a late notice of claim (see Matter of Scott v Huntington Union Free School Dist., 29 AD3d 1010 [2006]; Matter of del Carmen v Brentwood Union Free School Dist., 7 AD3d 620, 621 [2004]).
The petitioner also failed to satisfy his burden of establishing that the appellant would not be substantially prejudiced in maintaining its defense on the merits as a result of his delay in seeking leave to serve a late notice of claim (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 152 [2008]; Jordan v City of New York, 41 AD3d 658 [2007]; Matter of Dumancela v New York City Health & Hosps. Corp., 32 AD3d 515, 516 [2006]). Skelos, J.P., Ritter, Dillon, Garni and Leventhal, JJ., concur.