In the Matter of MARSHAL R. KORMAN, Appellant, v BELL-MORE PUBLIC SCHOOLS, Respondent. [879 NYS2d 194]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals (1) from an order of the Supreme Court, Nassau County (LaMarca, J.), entered January 14, 2008, which denied the petition, and (2), as limited by his brief, from stated portions of a judgment of the same court dated January 6, 2009, which, inter alia, upon the order entered January 14, 2008, and upon an order of the same court entered September 15, 2008, among other things, denying that branch of the petitioner's motion which was for leave to renew the petition, dismissed the proceeding.

Ordered that the appeal from the order entered January 14, 2008, is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order entered January 14, 2008, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On May 25, 2006 the petitioner allegedly injured his right shoulder when he fell from the steps in the auditorium of the respondent's school while attending a school play. More than one year after the accident, the petitioner commenced this proceeding for leave to serve a late notice of claim. The Supreme Court denied the petition. Thereafter, the petitioner moved,

inter alia, for leave to renew the petition. The Supreme Court, among other things, denied that branch of the motion which was for leave to renew, and dismissed the proceeding.

The Supreme Court providently exercised its discretion in denying the petition. In determining whether to grant leave to serve a late notice of claim, the court must consider certain factors, including, inter alia, whether the petitioner demonstrated a reasonable excuse for failing to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the public corporation was substantially prejudiced by the delay (see General Municipal Law § 50-e [5]; *Matter of Kumar v City of New York,* 52 AD3d 517 [2008]; *Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d 138, 148 [2008]; *Matter of Rennell S. v North Jr. High School,* 12 AD3d 518 [2004]).

The petitioner failed to demonstrate a reasonable excuse for the 10½-month delay in commencing this proceeding. The magnetic resonance imaging report submitted by the petitioner in support of his petition failed to demonstrate that his shoulder injury rendered him incapacitated or disabled to such an extent that he could not have complied with the statutory requirement to serve a timely notice of claim (*see Matter of Kumar v City of New York,* 52 AD3d at 518; *Matter of Portnov v City of Glen Cove,* 50 AD3d 1041, 1042-1043 [2008]; *Matter of Nunes v City of New York,* 233 AD2d 399, 400 [1996]).

Furthermore, there is no proof in the record that, within the 90-day post-accident period or within a reasonable time thereafter, the respondent received notice of the "facts that underlie the legal theory . . . on which liability is predicated in the notice of claim" (*Matter of Felice v Eastport/South Manor Cent. School Dist.,* 50 AD3d at 148; *see Matter of Monfort v Rockville Ctr. Union Free School Dist.,* 56 AD3d 480, 481 [2008]; *Matter of Kumar v City of New York,* 52 AD3d at 518). While the petitioner's letter to the school's principal one day after the accident indicated that he fell from the top of the auditorium steps, it failed to apprise the school of the petitioner's injury or of his present contention that the steps, inter alia, were negligently installed or repaired. Moreover, the school's principal and nurse submitted affidavits explicitly contradicting the petitioner's allegation that, due to conversations he had with them, they were aware of "the defect which caused [him] to fall." Finally, because the petitioner's letter and conversations with school personnel did not give the respondent a reason to conduct a prompt investigation into its alleged negligence,

it would be prejudiced if it were compelled to prepare a defense to the claim at this late date (*see Matter of Scolo v Central Islip Union Free School Dist.,* 40 AD3d 1104 [2007]; *Corrales v Middle Country Cent. School Dist.,* 307 AD2d 907 [2003]; *Matter of Price v Board of Educ. of City of Yonkers,* 300 AD2d 310 [2002]).

The Supreme Court properly denied that branch of the petitioner's motion which was for leave to renew his original petition. A motion for leave to renew must be "based upon new facts [which were] not offered on the prior motion [or proceeding] . . . that would change the prior determination" (CPLR 2221 [e]), and the party seeking renewal must provide a "reasonable justification for [his or her] failure to present such facts on the prior motion [or proceeding]" (*id.; see Elder v Elder,* 21 AD3d 1055 [2005]; *Matter of Progressive Northeastern Ins. Co. v Frenkel,* 8 AD3d 390, 391 [2004]; *Matter of Brooklyn Welding Corp. v Chin,* 236 AD2d 392 [1997]). The petitioner did not proffer any justification for failing to present certain facts known to him at the time the original petition was submitted and the other facts upon which he now relies would not change the outcome of the proceeding in any event (*see* CPLR 2221 [e]; *Elder v Elder,* 21 AD3d at 1056). Spolzino, J.P., Santucci, Angiolillo, Leventhal and Lott, JJ., concur.