Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist. (2018 NY Slip Op 06100)





Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist.


2018 NY Slip Op 06100


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2017-07985
 (Index No. 52339/17)

[*1]In the Matter of Charlotte Zelin, etc., appellant,
v
Blind Brook-Rye Union Free School District, et al., respondents.


Raneri, Light & O'Dell, PLLC, White Plains, NY (Kevin D. O'Dell and Sarah E. Tuttle of counsel), for appellant.
Henderson & Brennan, White Plains, NY (Brian C. Henderson of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated June 21, 2017. The order denied the petition.
ORDERED that the order is affirmed, with costs.
The petitioner allegedly was injured when she fell during a physical education class at the respondent Bruno M. Ponterio Ridge Street School. One year and 90 days after her accident, she commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim against the school, the school district, and her physical education teacher, asserting a claim generally sounding in negligent supervision. The Supreme Court denied the petition, and the petitioner appeals.
Timely service of a notice of claim is a condition precedent to the commencement of a lawsuit against a school district and its employees (see Education Law § 3813[2]; General Municipal Law § 50-i[1]; Bazile v City of New York, 94 AD3d 929; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 143).
Pursuant to General Municipal Law § 50-e(5), in determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for failing to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action (see Matter of D'Agostino v City of New York, 146 AD3d 880; Ramirez v City of New York, 139 AD3d 695). Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipal entity timely acquired actual knowledge is of great importance (see Matter of Jaffier v City of New York, 148 AD3d 1021, 1022; Matter of Lawhorne v City of New York, 133 AD3d 856). An application for leave to serve a late notice of [*2]claim is addressed to the sound discretion of the trial court (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465; Matter of Ruiz v City of New York, 154 AD3d 945, 946; Matter of Bitetto v City of Yonkers, 13 AD3d 367, 368).
The petitioner failed to demonstrate that her injuries constituted a reasonable excuse for her failure to timely serve a notice of claim. The medical evidence she submitted in support of her petition demonstrated that she was not incapacitated and had substantially healed long before the expiration of the statutory 90-day period for filing her notice of claim. Thus, she failed to medically substantiate that her injury and treatment prevented her from making timely service, or that she did not learn of the full extent of her injuries until after the statutory period had expired (see Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850; Matter of Klass v City of New York, 103 AD3d 800, 801; Matter of Korman v Bellmore Pub. Schools, 62 AD3d 882, 883; Matter of Scolo v Central Islip Union Free School Dist., 40 AD3d 1104, 1106). Additionally, the petitioner did not establish any nexus between her infancy and the failure to timely serve a notice of claim (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 538; Robertson v Somers Cent. School Dist., 90 AD3d 1012).
Similarly, we agree with the Supreme Court's determination that the respondents did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter. The petitioner's reliance on an incident report and an email sent by the physical education teacher to the petitioner's parents is misplaced, as those documents merely established that the petitioner had been injured in a fall during gym class, and did not provide the respondents with actual knowledge of the facts underlying the petitioner's negligent supervision claim (see Matter of Charles v City of New York, 67 AD3d 793; Matter of Catuosco v City of New York, 62 AD3d 995, 996; Matter of Korman v Bellmore Pub. Schools, 62 AD3d at 883; Matter of Vicari v Grand Ave. Middle School, 52 AD3d 838, 839; Matter of Scolo v Central Islip Union Free School Dist., 40 AD3d at 1105; Matter of del Carmen v Brentwood Union Free School Dist., 7 AD3d 620, 621).
Additionally, the petitioner failed to sustain her initial burden of presenting "some evidence or plausible argument" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466) that granting the petition would not substantially prejudice the respondents in maintaining their defense on the merits (see e.g. Kelly v City of New York, 153 AD3d 1388; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d at 850; Matter of D'Agostino v City of New York, 146 AD3d at 882).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim.
MASTRO, J.P., DILLON, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court