◼ In the Matter of JESSICA UNDERWOOD, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated February 23, 1990, which granted the application.

Ordered that the order is affirmed, with costs.

We find unpersuasive the appellant's contention that the court improvidently exercised its discretion in granting the petitioner leave to serve a late notice of claim. The petitioner, born November 19, 1987, was exposed to peeling leaded paint chips inside her home, an apartment owned and maintained by the appellant. The petitioner allegedly ingested leaded paint chips from July of 1988 through December of 1988. On December 12, 1988, she was reportedly diagnosed at a New York City "Child Health Station" as suffering from lead poisoning. Monthly follow-up visits through May of 1989, however, resulted in repeated findings that the petitioner's diagnosed lead levels were normal.

On June 14, 1989, the petitioner was admitted at Kings County Hospital for treatment of an alleged serious lead poisoning condition. She remained hospitalized for approximately one month. The petitioner's mother thereafter retained an attorney who commissioned an investigation. According to the affirmation of the petitioner's attorney, laboratory analysis of paint chips recovered from the petitioner's apartment revealed the presence of lead at a high concentration of .273%. Thereafter, the instant application was made on February 13, 1990.

Upon the foregoing facts, we find that the court properly exercised its discretion in granting the petitioner's application. Measuring from the date of the petitioner's last exposure to the leaded paint chips in December of 1988, the instant application was brought approximately one month prior to the expiration of the one-year-and-90-day period imposed by General Municipal Law § 50-e (1) (a), during which the court possessed the discretion to grant the petitioner's application (see, Lopez v Brentwood Union Free School Dist., 149 AD2d 474) even without considering the available infancy toll (see, Matter of Kurz v New York City Health & Hosps. Corp., 174 AD2d 671). Furthermore, the delay in serving a notice of

claim, approximately 11 months after the expiration of the statutory 90-day period, was comparatively short (cf., *Trejo v City of New York*, 156 AD2d 164). During this period the petitioner, an infant, was undergoing medical treatment while an investigation of the cause of her illness was being undertaken on her behalf. Moreover, the appellant presumably was in possession of relevant maintenance records and has access to the petitioner's medical records regarding the treatment provided by the municipal hospitals and clinics which cared for the petitioner (see, *Rechenberger v Nassau County Med. Center*, 112 AD2d 150). Thus, although the appellant may not have had actual notice of the claim within the statutory 90-day period (see, *Matter of Reisse v County of Nassau*, 141 AD2d 649), we are nevertheless persuaded that the delay in service of a notice of claim will not cause the appellant to suffer prejudice in defending this action. Therefore, we find that leave to serve a late notice of claim was properly granted.

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Harwood, Lawrence and Miller, JJ., concur.