■ In the Matter of SCOTT TORTORICI, Respondent, v EAST ROCKAWAY PUBLIC SCHOOL DISTRICT No. 19, Appellant. [594 NYS2d 335] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, East Rockaway Public School District No. 19 appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated February 7, 1991, which granted the petitioner's application.

Ordered that the order is affirmed, without costs or disbursements.

Among the factors to be considered in determining whether to grant an application for leave to serve a late notice of claim are whether the public corporation acquired "actual knowledge of the essential facts constituting the claim" within the 90-day notice period or within a reasonable time thereafter, whether the claimant was an infant, and whether the delay in serving the notice substantially prejudiced the public corporation in maintaining its defense (General Municipal Law § 50-e [5]; *Braverman v City of White Plains,* 115 AD2d 689). Infancy alone will not automatically warrant the granting of an extension *(see, Matter of Sampson v Cazzari,* 142 AD2d 681).

The 10-year-old claimant Scott Tortorici was allegedly injured while playing on an apparatus at a school district playground on May 6, 1990, and the notice of claim was served on September 18, 1990. The incident occurred on a weekend, and Tortorici's father stated in an affidavit that the school and the school nurse were notified of the accident a day or two later. The parties stipulated to include in the record on appeal a copy of a "student incident report" dated May 7, 1990, which was prepared by a school nurse and reviewed by the school principal. The report included a description of when and how the incident allegedly occurred, the injury, and the name of a witness. The school district had actual notice of the incident within the 90-day notice period. We further find that the school district failed to establish that it was substantially prejudiced by the brief delay in service of the notice of claim. Upon consideration of the relevant factors, we find that it was not an improvident exercise of the court's discretion to grant the infant petitioner's motion for permission to serve a late notice of claim *(see, e.g., Friedman v Syosset Cent. School Dist.,* 154 AD2d 337; *Matter of Strevell v South Colonie Cent. School Dist.,* 144 AD2d 733). Thompson, J. P., Sullivan, O'Brien and Copertino, JJ., concur.