■ In the Matter of ZAIMAH BROWN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [599 NYS2d 92] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Kings County (Huttner, J.), entered April 16, 1991, which granted the application.

Ordered that the order is affirmed, with costs.

The infant petitioner, by her mother, alleged that on February 3, 1990, she was severely burned when her right leg became wedged against an exposed, extremely hot steampipe in her apartment in the Eleanor Roosevelt Houses, Kings County, which are owned and managed by the appellant. The six-year-old girl thereafter was hospitalized for three months and underwent a series of skin grafts and operations. After her discharge she continued to be treated as an outpatient. During this period the mother devoted her attention to caring for her injured child, notwithstanding the fact that she was a single parent responsible not only for the claimant but an-

other child as well, and also maintained employment. The mother further stated that she consulted an attorney towards the end of 1990 (after treatment was essentially completed) when she realized that the infant's allegedly severe and permanent injuries warranted a claim against the respondent. By service of an order to show cause and petition on February 7, 1991, she commenced the instant proceeding for leave to serve a late notice of claim. The Supreme Court granted the application.

In the present case, the decision to grant or deny an extension under General Municipal Law § 50-e (5) was purely a discretionary one *(see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671) inasmuch as the application was made within the one year and 90-day period imposed by section 50-e (1) (a) *(Matter of Underwood v New York City Hous. Auth.,* 177 AD2d 698). We find no improvident exercise of that discretion. The delay was comparatively short and medical treatment continued for much of the period which followed the occurrence *(Matter of Underwood v New York City Hous. Auth., supra).* Moreover, the overall circumstances present here, including the nature of the injuries and the mother's natural predisposition to be concerned first with her child's medical condition and the maintenance of her family, would warrant excusing the delay in the interest of justice *(see, Matter of Tomlinson v New York City Health & Hosps. Corp.,* 190 AD2d 806; *Morano v County of Dutchess,* 160 AD2d 690, 692). Finally, this is not a case where the appellant can fairly assert prejudice *(see, Matter of Andersen v Brewster Cent. School Dist.,* 189 AD2d 1068). Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.