■ In the Matter of TREMAINE HOLMES et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [607 NYS2d 985] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the New York City Housing Authority appeals from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated December 9, 1991, as granted that branch of the petition which was for leave to the infant petitioner to serve a late notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The failure to serve a notice of claim on behalf of the infant petitioner was the result of the infant petitioner sustaining serious injuries, which, together with treatment, occupied a lengthy time. The infant's mother, who acted on his behalf, was more concerned with her son's injury and recuperation

than she was in pursuing litigation as well as involving herself with its prerequisites *(see, Morano v County of Dutchess,* 160 AD2d 690; *Matter of Savelli v City of New York,* 104 AD2d 943; *Matter of Bensen v Town of Islip,* 99 AD2d 755).

In the present case, the decision to grant or deny an application under General Municipal Law § 50-e (5) was within the court's discretion *(see, Matter of Kurz v New York City Health & Hosps. Corp.,* 174 AD2d 671), inasmuch as the application was made within the one year and 90-day period of limitations imposed by General Municipal Law § 50-e (1) (a) *(see, Matter of Underwood v New York City Hous. Auth.,* 177 AD2d 698).

Considering the overall circumstances present here, including the nature of the injuries and the mother's natural predisposition to be concerned first with her child's condition, the granting of leave to serve a late notice on behalf of the infant only was not an improvident exercise of discretion *(see, Matter of Brown v New York City Hous. Auth.,* 194 AD2d 667). Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.