■ In the Matter of LINNAE GALLINO et al., Respondents, v VILLAGE OF SHOREHAM et al., Appellants. [634 NYS2d 550] —In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Suffolk County (Gerard, J.), dated April 28, 1994, which, *inter alia,* granted the application.

Ordered that the order is affirmed, with costs.

The record supports the finding that the one-day delay beyond the 90-day time period to serve a notice of claim on behalf of the infant petitioner resulted from the infant's on-going treatment for serious injuries and her parent's concern for the child's condition *(see,* General Municipal Law § 50-e [1] [a]; *Matter of Holmes v New York City Hous. Auth.,* 201 AD2d 650; *Matter of Brown v New York City Hous. Auth.,* 194 AD2d 667). The decision to grant the petitioners' application under General Municipal Law § 50-e (5) was within the court's discretion inasmuch as the application was made within the one year and 90-day period of limitations imposed by General Municipal Law § 50-i (1) (c). Considering the overall circumstances, including the minimal delay in serving the notice of claim and the lack of substantial prejudice to the appellants as a result of the delay, the granting of leave to serve a late notice of claim on behalf of the infant petitioner was not an improvident exercise of discretion *(see, Matter of Holmes v New York City Hous. Auth., supra).* Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.