■ In the Matter of VALERIE PRESLEY, Individually and as Mother and Natural Guardian of DERRIS PRESLEY, an Infant, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [680 NYS2d 111] —In a proceeding, *inter alia*, for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the New York City Housing Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated August 6, 1997, as, upon granting the petitioners' motion to renew or reargue a prior order of the same court denying leave to serve a late notice of claim, granted the application with respect to the infant-petitioner.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In weighing the key factors to be considered in determining whether to grant or deny leave to serve a late notice of claim, and considering all other relevant facts and circumstances presented to it, the Supreme Court has the sound discretion to extend the time to serve a notice of claim, especially in cases involving an infant (*see,* General Municipal Law § 50-e [5]; *Matter of Sverdlin v City of New York,* 229 AD2d 544, 545; *Matter of Gallino v Village of Shoreham,* 222 AD2d 506; *Matter of Rudisel v City of New York,* 217 AD2d 702).

Here, the mother of the injured infant was not immediately aware of the severity of the infant-petitioner's injuries, but she shortly thereafter retained an attorney and attempted to serve the notice of claim 15 days after the expiration of the 90-day statutorily-required time to do so (*see, Matter of Monroy v New York City Hous. Auth.,* 201 AD2d 737). Such a short delay, especially since there were no known witnesses to the occurrence, and since the area in question appears to be in the same condition as it was on the day of the infant-petitioner's fall, did not cause substantial prejudice to the New York City Housing Authority in its ability to investigate the situs of the accident or defend itself on the merits.

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting the infant-petitioner leave to serve a late notice of claim (*cf., Matter of Gallino v Village of Shoreham, supra*). Ritter, J. P., Thompson, Pizzuto and McGinity, JJ., concur.