■ In the Matter of NICHOLAS VITALE et al., Respondents, v ELWOOD UNION FREE SCHOOL DISTRICT et al., Appellants. [797 NYS2d 540]—

In a proceeding pursuant to General Municipal Law § 50-e (5)

for leave to serve a late notice of claim, Elwood Union Free School District and Harley Avenue Primary School appeal from an order of the Supreme Court, Suffolk County (Oliver, J.), dated July 9, 2004, which granted the petition.

Ordered that the order is affirmed, with costs.

The appellants do not dispute that they had immediate notice of the infant petitioner's schoolyard accident, and actually interviewed eyewitnesses and prepared an accident report (*see Matter of Hayes v Peru Cent. School Dist.*, 281 AD2d 794, 795 [2001]; *Swensen v City of New York*, 126 AD2d 499, 500 [1987]). Moreover, although the petition for leave to serve a late notice of claim came 69 days after the expiration of the statutory 90-day period (*see* General Municipal Law § 50-e [1]), the delay was due to the time necessary to determine that the infant petitioner's hearing loss was permanent (*see Matter of Hayes v Peru Cent. School Dist., supra* at 795-796; *Matter of Bowman v Capital Dist. Transp. Auth.*, 244 AD2d 638, 639 [1997]; *Matter of Brown v New York City Hous. Auth.*, 194 AD2d 667 [1993]; *Swensen v City of New York, supra* at 500). Finally, the petitioners tendered undisputed evidence that a teacher and a student with knowledge of the accident were still, respectively, working at and attending the school when the instant petition was filed. Accordingly, the delay did not substantially prejudice the appellants in presenting a defense on the merits. Under these circumstances, the Supreme Court providently exercised its discretion in granting the petition for leave to serve a late notice of claim (*see Matter of Welch v Board of Educ. of Saratoga Cent. School Dist.*, 287 AD2d 761 [2001]; General Municipal Law § 50-e [5]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.