■ ROBERT BURNS, Respondent, v MATTHEW PALAZOLA, Appellant. [803 NYS2d 169]—

In an action to recover damages for defamation, the defendant appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered September 16, 2004, which denied his motion for summary judgment dismissing the complaint and for an award of an attorney's fee pursuant to 22 NYCRR 130.1-1.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was

for summary judgment dismissing the complaint and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant.

In October 2001 the plaintiff was terminated from at-will employment as technical director of the Respiratory Therapy Department at White Plains Hospital Center. In accordance with hospital policy, the defendant, who was the plaintiff's supervisor, wrote a letter stating the reasons for the termination. The letter was given to the plaintiff and to only two other people in hospital management. The plaintiff thereafter commenced this action against the defendant alleging defamation based on the alleged defamatory statements in the termination letter. The Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment dismissing the complaint, finding that the plaintiff had raised a triable issue of fact. We modify the order by granting that branch of the motion.

The termination letter was not libelous per se merely because it contained the defendant's opinion of the plaintiff's deficiencies as an employee. Moreover, the termination letter was protected by a qualified privilege since the defendant made the communication "upon a subject in which he . . . ha[d] an interest . . . to speak, and the communication [was] made to . . . person[s] with a corresponding interest" (*Sanderson v Bellevue Maternity Hosp.*, 259 AD2d 888, 889 [1999]). The plaintiff failed to demonstrate that the defendant's statements were made with malice or with knowledge of their falsity or reckless disregard as to their truth or falsity thereby defeating the qualified privilege (*see Present v Avon Prods.*, 253 AD2d 183 [1999]).

Finally, contrary to the defendant's contention, we do not find that the plaintiff's conduct was frivolous (*see* 22 NYCRR 130-1.1; *Gelmin v Quicke*, 224 AD2d 481 [1996]). Thus, the Supreme Court properly denied that branch of the motion which was for an award of an attorney's fee pursuant to 22 NYCRR 130.1-1. Florio, J.P., Crane, Ritter and Lifson, JJ., concur.