In the Matter of GABRIELLE HURSALA et al., Respondents, v SEAFORD MIDDLE SCHOOL et al., Appellants. [851 NYS2d 572]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated July 19, 2006, as, upon renewal, vacated its prior order dated February 17, 2006, denying the petition without prejudice to renew, and granted the petition.

Ordered that the order dated July 19, 2006 is affirmed insofar as appealed from, with costs.

In deciding whether to grant leave to serve a late notice of claim, the court must consider all relevant facts and circumstances, including whether (1) the petitioner has demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the es-

sential facts constituting the claim within 90 days or a reasonable time thereafter, (3) the petitioner was an infant, and (4) the delay would substantially prejudice the public corporation in maintaining its defense on the merits (*see* General Municipal Law § 50-e [5]; *Fuentes v County of Nassau,* 15 AD3d 346 [2005]; *Matter of Doe v Goshen Cent. School Dist.,* 13 AD3d 526 [2004]; *Matter of Rennell S. v North Jr. High School,* 12 AD3d 518 [2004]).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in, upon renewal, granting the petitioners leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). The petitioners demonstrated a reasonable excuse for the delay in serving a timely notice of claim since they were unaware of the severity of the infant petitioner's right ankle injury until approximately eight months after the accident (*see Matter of Vitale v Elwood Union Free School Dist.,* 19 AD3d 610, 611 [2005]; *Matter of Presley v City of New York,* 254 AD2d 490 [1998]; *Matter of Bowman v Capital Dist. Transp. Auth.,* 244 AD2d 638, 639 [1997]).

Further, the appellants will not be substantially prejudiced in maintaining a defense on the merits as a result of the delay in moving for leave to serve a late notice of claim. All of the witnesses to the accident, the coach and other members of the cheerleading team, are known, and the appellants will likely have no trouble interviewing them (*see Matter of Vitale v Elwood Union Free School Dist.,* 19 AD3d at 611; *Bovich v East Meadow Pub. Lib.,* 16 AD3d 11, 20 [2005]; *Matter of Tortorici v East Rockaway Pub. School Dist. No. 19,* 191 AD2d 495, 496 [1993]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.