■ HANK BAYER, Appellant, v CITY OF NEW YORK et al., Respondents. [875 NYS2d 209]—

In an action to recover damages for intentional infliction of emotional distress and defamation, the plaintiff appeals from an order of the Supreme Court, Kings County (Kurtz, J.), dated February 21, 2008, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, who was employed as a plumber by the New York City Department of Education, commenced this action against the City of New York, the New York City Department of Education, and his supervisor, Nunzio Piro, alleging, inter alia, that Piro defamed him and repeatedly accused him of misconduct and insubordination. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We affirm.

The defendants established their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). The defendants demonstrated that the notice of claim was untimely since it was solely limited to an alleged defamatory comment made by Piro on September 26, 2003, but was not served and filed until February 17, 2004 (*see* Education Law § 3813 [1], [2]; *Gondal v New York City Dept. of Educ.*, 19 AD3d 141, 141-142 [2005]). In any event, the alleged defamatory statement was protected by a qualified privilege since Piro made it to other persons who had an interest in his assessment of the plaintiff's work behavior, and the plaintiff failed to show that the statement was solely motivated by malice (*see Phelan v Huntington Tri-Vil. Little League, Inc.*, 57 AD3d 503 [2008]; *Burns v Palazola*, 22 AD3d 779, 780 [2005]).

Regarding the cause of action alleging intentional infliction of emotional distress, since the plaintiff failed to make such allegation in the notice of claim, he may not now maintain that cause of action in his complaint (*see Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929 [2008]; *Zwecker v Clinch*, 279 AD2d 572, 573 [2001]). In any event, the plaintiff failed to raise a triable issue of fact as to whether Piro's conduct was so extreme, outrageous, and beyond the bounds of human decency as to constitute the tort of intentional infliction of emotional distress (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]; *Schell v Nassau County Dept. of Health*, 237 AD2d 423, 424 [1997]).

The plaintiff's remaining contentions are without merit or

have been rendered academic in light of our determination. Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.