■ In the Matter of Liz Avalos et al., Appellants, v City of New York Board of Education, Respondent. [886 NYS2d 910]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated August 14, 2008, as denied the petition.

Ordered that the order is affirmed insofar as appealed from, with costs.

In determining whether to grant leave to serve a late notice of claim, the court must consider, among other things, whether (1) there is a reasonable excuse for the delay, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of the claim's accrual or a reasonable time thereafter, and (3) the delay in serving the no-

tice of claim would result in substantial prejudice to the public corporation defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147-153 [2008]). Here, the petitioners failed to present a reasonable excuse for failing to serve a timely notice of claim (*see Matter of Tineo v City of New York*, 273 AD2d 397 [2000]; *Matter of Jackson v City of New Rochelle*, 227 AD2d 483 [1996]). In addition, the petitioners failed to demonstrate that the respondent had actual notice of the essential facts constituting their claim within 90 days of their claim's accrual or a reasonable time thereafter (*see Matter of Dunlea v Mahopac Cent. School Dist.*, 232 AD2d 558, 559-560 [1996]). Finally, the petitioners failed to establish that the delay in serving the notice of claim would not result in substantial prejudice to the respondent defending on the merits (*id.* at 559-560). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the petition for leave to serve a late notice of claim. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.