■ In the Matter of TREVOR AMBRICO et al., Respondents, v LYNBROOK UNION FREE SCHOOL DISTRICT, Appellant. [896 NYS2d 169]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Lynbrook Union Free School District appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), entered May 15, 2009, which granted the petition and deemed the notice of claim timely served nunc pro tunc.

Ordered that the order is affirmed, with costs.

In determining whether to grant an application for leave to serve a late notice of claim, the key factors which the court must consider are whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, whether the claimant was an infant or mentally or physically incapacitated, whether the claimant had a reasonable excuse for the delay in serving a notice of claim, and whether the municipality would be substantially prejudiced by the delay in maintaining its defense on the merits (see Matter of Andrew T.B. v Brewster Cent. School Dist., 18 AD3d 745, 746 [2005]; Fuentes v County of Nassau, 15 AD3d 346 [2005]; Rogers v City of Yonkers, 271 AD2d 593 [2000]). The presence or absence of any one factor is not necessarily determinative (see Matter of Leeds v Port Washington Union Free School Dist., 55 AD3d 734 [2008]; Jordan v City of New York, 41 AD3d 658, 659 [2007]). However, whether the municipality timely acquired actual knowledge of the essential facts constituting the claim is a factor which is accorded great weight (see Matter of Brownstein v Incorporated Vil. of Hempstead, 52 AD3d 507, 509 [2008]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2008]; Matter of Dell'Italia v Long Is. R.R. Corp., 31 AD3d 758, 759 [2006]).

Here, even if the information provided by the petitioners to the appellant's personnel regarding the incident and the infant petitioner's injury within 90 days after the incident was insufficient to provide actual knowledge of the facts constituting the negligent supervision claim, the petitioners served their notice of claim and, thus, provided the appellant with actual knowledge of the essential facts constituting that claim, within a reasonable time after the expiration of the 90-day period (see Erichson v City of Poughkeepsie Police Dept., 66 AD3d 820, 821 [2009]; Matter of Gelish v Dix Hills Water Dist., 58 AD3d 841, 842 [2009]; Bussey v City of New York, 50 AD3d 938, 939 [2008]; Matter of Harrison v New York City Hous. Auth., 188 AD2d 367, 368 [1992]). Furthermore, the petitioners demonstrated a lack of substantial prejudice to the appellant by the short delay (see

*Matter of Hursala v Seaford Middle School*, 46 AD3d 892, 893 [2007]; *Matter of Vitale v Elwood Union Free School Dist.*, 19 AD3d 610, 611 [2005]). Accordingly, the Supreme Court providently exercised its discretion in granting the petition. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.