■ JAMES BUCHANAN, Appellant, v BEACON CITY SCHOOL DISTRICT et al., Respondents. [915 NYS2d 101]—

In an action, inter alia, to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated January 28, 2010, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to dismiss the first and second causes of action of the complaint, and denied his cross motion pursuant to General Municipal Law § 50-e and Education Law § 3813 (2-a) for leave to serve a late, amended notice of claim and pursuant to CPLR 3025 for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (5) to

dismiss the first and second causes of action of the complaint. The complaint was filed more than one year and 90 days after those causes of action accrued and thus was untimely (*see* Education Law § 3813 [2]; General Municipal Law § 50-i [1]; *Gold v Rockville Ctr. Police Dept.*, 71 AD3d 632 [2010]; *Quinn v County of Nassau*, 162 AD2d 514 [1990]; *see also Ruggiero v Phillips*, 292 AD2d 41, 43-44 [2002]; *Bosone v County of Suffolk*, 274 AD2d 532, 533-534 [2000]).

"Among the factors to be considered by a court in determining whether leave to serve a late notice of claim should be granted is whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter, whether the petitioner had a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the public corporation in maintaining its defense" (*Matter of Devivo v Town of Carmel*, 68 AD3d 991, 991 [2009]; *see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Matter of Avalos v City of N.Y. Bd. of Educ.*, 67 AD3d 675 [2009]; *Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 545 [2009]). Here, the plaintiff failed to demonstrate that the defendants had actual knowledge of the essential facts underlying his defamation claim, including the alleged falsity of the purportedly defamatory statements (*see generally Matter of Avalos v City of N.Y. Bd. of Educ.*, 67 AD3d 675 [2009]). Further, the plaintiff offered no excuse for the 9-to-10-month delay in seeking leave to serve a late notice of claim, and did not meet his burden of rebutting the defendants' assertions that the delay substantially prejudiced their ability to investigate and defend against the claim (*see Matter of Devivo v Town of Carmel*, 68 AD3d 991 [2009]; *Matter of Avalos v City of N.Y. Bd. of Educ.*, 67 AD3d 675 [2009]; *Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d at 545). Under these circumstances, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's cross motion which was for leave to serve a late, amended notice of claim.

Further, "inasmuch as the plaintiff may not maintain causes of action for which he failed to serve a timely notice of claim (*see* Education Law § 3813 [1], [2]; General Municipal Law § 50-i [1]) . . . the addition [to the complaint] of new claims . . . barred by the failure to timely serve a notice of claim, would be [a] palpably insufficient" amendment (*Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929, 931 [2008] [citation omitted]; *see Martin v Village of Freeport*, 71 AD3d 745

[2010]). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's cross motion which sought leave to amend the complaint. Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.