■ VARSITY BUS Co. et al., Appellants, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [944 NYS2d 125]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered September 13, 2011, which denied plaintiffs' motion for summary judgment, granted defendants' cross-motion for summary judgment dismissing the complaint, and denied as moot plaintiffs' motion for leave to amend the complaint, unanimously modified, on the law, to the extent of denying defendants' cross-motion for summary judgment dismissing the complaint and reinstating the complaint, granting plaintiffs' motion for summary judgment as against defendant Department of Education (DOE); and otherwise affirmed, without costs.

The contracts between the parties pertaining to transportation of students provided that plaintiff bus companies are entitled to compensation in the amount of 85% of their daily rate for any " 'regularly scheduled school days' on which the Chancellor or his designee(s) shall order . . . pupils not to be in attendance for any reason." The contracts further defined a "regularly scheduled school day" as "any day on which schools are scheduled to be open in accordance with the official [DOE] Calendar as originally adopted and published annually and prior to amendment thereof." September 8, 2009, was a regularly

scheduled school day pursuant to the originally adopted 2009-2010 calendar which had it slated to be the first day of the school year. Subsequently, the calendar was revised or amended to provide for school to begin one day later, on September 9, 2009. Under the plain language of the contract, this amendment triggered the provision requiring plaintiffs to receive 85% of their daily rate for September 8, 2009.

However, plaintiffs' argument that the court should have granted their motion for leave to amend the complaint to add three additional plaintiffs is without merit. The proposed plaintiffs filed notices of claim more than three months after their claims for payment were denied (*see* Education Law § 3813 [1]). Consequently, the proposed amendment is palpably insufficient as a matter of law (*see Buchanan v Beacon City School Dist.*, 79 AD3d 961, 962-963 [2010]). Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 2011 NY Slip Op 32437(U).]**