■ MELODIE TEGAY, Appellant, v ROCKY POINT SCHOOL DISTRICT et al., Respondents, et al., Defendant. [956 NYS2d 146]—

In determining whether to permit service of a late notice of claim, the court must consider all relevant circumstances, including whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter, whether the claimant demonstrated a reasonable excuse for the delay in serving a timely notice of claim, and whether the delay would substantially prejudice the public corporation in defending on the merits (*see* Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; *Matter of Ambrico v Lynbrook Union Free School Dist.*, 71 AD3d 762, 763 [2010]; *Matter of Acosta v City of New York*, 39 AD3d 629, 630 [2007]; *Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745, 746 [2005]).

Here, the plaintiff did not proffer any excuse for her lengthy delay in seeking leave to serve a late notice of claim (*see Matter of Jackson v Newburgh Enlarged City School Dist.*, 85 AD3d 1031, 1032 [2011]; *Matter of Castro v Clarkstown Cent. School Dist.*, 65 AD3d 1141, 1142 [2009]; *Troy v Town of Hyde Park*, 63 AD3d 913, 914 [2009]). Furthermore, the plaintiff failed to demonstrate that the respondents had timely, actual knowledge of the essential facts constituting her claim that the respondents made defamatory statements regarding her conduct as an employee, and that these statements were made with malice (*see Bayer v City of New York*, 60 AD3d 713, 714 [2009]; *Forrest v Berlin Cent. School Dist.*, 29 AD3d 1230, 1231 [2006]). Moreover, the plaintiff did not establish that the delay did not substantially prejudice the respondents' ability to investigate and defend against the claim (*see Matter of Devivo v Town of Carmel*, 68 AD3d 991 [2009]; *Matter of Avalos v City of N.Y. Bd. of Educ.*, 67 AD3d 675 [2009]; *Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 545 [2009]). Accordingly, the plaintiff's motion for leave to serve a late notice of claim was properly denied. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.