■ In the Matter of SHARON FUNKHOUSER, Respondent, v MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT et al., Appellants. [956 NYS2d 896]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Middle Country Central School District and Middle Country Central School District Board of Education appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated June 30, 2011, which granted the petition.

Ordered that the order is affirmed, with costs.

In determining whether to permit service of a late notice of claim, the court must consider all relevant facts and circumstances, including whether (1) the public corporation (or its attorney or insurance carrier) acquired actual knowledge of the

essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant had a reasonable excuse for the delay, and (4) the public corporation was prejudiced by the delay in its ability to maintain its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Avalos v City of N.Y. Bd. of Educ.*, 67 AD3d 675, 675-675 [2009]; *Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 544 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147-153 [2008]).

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in granting the petition for leave to serve a late notice of claim. The petitioners demonstrated that the Middle Country Central School District and Middle Country Central School District Board of Education (hereinafter together the School District) had actual knowledge of the facts constituting the claim within the 90-day statutory period or a reasonable time thereafter through, among other things, a medical claim form completed by the principal of the Holbrook Elementary School. Moreover, the petitioners demonstrated a reasonable excuse for the delay in seeking leave to serve a late notice of claim in that the mother of the infant petitioner was unaware of the severity of the infant's left elbow injury at the time of the incident, and had relied upon the School District's prior willingness to assume responsibility for the infant's medical expenses (*see Matter of Hursala v Seaford Middle School*, 46 AD3d 892, 893 [2007]; *Matter of Vitale v Elwood Union Free School Dist.*, 19 AD3d 610, 611 [2005]; *Matter of Presley v City of New York*, 254 AD2d 490 [1998]; *Matter of Tetro v Plainview-Old Bethpage Cent. School Dist.*, 99 AD2d 814 [1984]). In addition, the School District will not be substantially prejudiced in maintaining a defense on the merits as a result of the petitioner's delay in seeking leave to serve a late notice of claim (*see Matter of Hursala v Seaford Middle School*, 46 AD3d at 893; *Matter of Vitale v Elwood Union Free School Dist.*, 19 AD3d at 611; *Bovich v East Meadow Pub. Lib.*, 16 AD3d 11, 20 [2005]; *Matter of Tortorici v East Rockaway Pub. School Dist. No. 19*, 191 AD2d 495, 496).

The School District's remaining contention is without merit. Eng, P.J., Rivera, Chambers, Sgroi and Miller, JJ., concur.