In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated April 9, 2012, as, in effect, denied that branch of its motion which was to dismiss the complaint insofar as asserted on behalf of Brittany Claud for failure to serve a timely notice of claim *664 and granted that branch of the plaintiffs’ cross motion which was for leave to serve a late notice of claim on behalf of Brittany Claud.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court did not improvidently exercise its discretion in permitting the plaintiffs to serve a late notice of claim on behalf of the infant plaintiff. The plaintiffs demonstrated that the defendant acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter (see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; Matter of Devivo v Town of Carmel, 68 AD3d 991 [2009]; Matter of Avalos v City of N.Y. Bd. of Educ., 67 AD3d 675 [2009]; Matter of Formisano v Eastchester Union Free School Dist., 59 AD3d 543, 545 [2009]). “In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves” (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148 [2008]; see Williams v Nassau County Med. Ctr., 6 NY3d 531, 539 [2006]; Matter of Leeds v Port Washington Union Free School Dist., 55 AD3d 734, 735 [2008]).
Here, the infant plaintiff alleged that she was specifically instructed by her teacher to go into the girls’ bathroom to tell some students in the bathroom to keep quiet, and that, in the course of complying with that request, her finger got caught in her classroom door and was injured. Before the infant plaintiff was taken to the hospital by ambulance, her teacher told her that he would give her a dollar for every stitch she had, and he later called the infant plaintiff’s home to inquire about her. During that telephone call, the teacher and the infant plaintiffs mother allegedly discussed a door at the school. Although, as the dissent points out, the meaning of the teacher’s comments about the door was not entirely clear, the comments demonstrated some awareness that a problem with a door at the school might have contributed to the accident. The teacher could easily have voiced concern about the infant plaintiff without mentioning the door at all. Additionally, the school nurse completed a medical claim form, detailing the accident, the injury, and the treatment provided. Under these circumstances, the defendant acquired actual knowledge of the essential facts constituting the claim (see Matter of Funkhouser v Middle Country Cent. Sch. *665 Dist., 102 AD3d 689 [2013]; Matter of Vitale v Elwood Union Free School Dist., 19 AD3d 610, 611 [2005]; Bovich v East Meadow Pub. Lib., 16 AD3d 11, 19-20 [2005]).
Furthermore, the defendant will not be substantially prejudiced in maintaining a defense on the merits as a result of the plaintiffs’ delay in seeking leave to serve a late notice of claim, in light of the teacher’s involvement in the incident and the nurse’s documentation of the accident and injuries (see Matter of Funkhouser v Middle Country Cent. Sch. Dist., 102 AD3d at 689; Matter of Hursala v Seaford Middle School, 46 AD3d 892, 893 [2007]). “[T]he absence of a reasonable excuse for the delay does not bar the granting of . . . leave to serve a late notice of claim where, as here, there is actual knowledge and an absence of prejudice” (Matter of St. Paul Guardian Ins. Corp. v Pocatello Fire Dist., 90 AD3d 761, 762 [2011]; see Matter of Whittaker v New York City Bd. of Educ., 71 AD3d 776, 778 [2010]). Skelos, J.P., Sgroi and Hinds-Radix, JJ., concur.
Chambers, J., dissents, and votes to reverse the order insofar as appealed from, grant that branch of the defendant’s motion which was to dismiss the complaint insofar as asserted on behalf of Brittany Claud for failure to serve a timely notice of claim, and deny that branch of the plaintiffs’ cross motion which was for leave to serve a late notice of claim on behalf of Brittany Claud, with the following memorandum: I respectfully dissent.
On November 19, 2008, Mr. McKeown, a third-grade teacher at Tooker Avenue School within the West Babylon Union Free School District (hereinafter the School District), asked the infant plaintiff and her friend Krista to tell some students in the girls’ bathroom to quiet down. The infant plaintiff opened the classroom door, and Krista followed behind her, holding the door open. As Krista released the door, it closed on the infant plaintiffs little finger, which she had left in the “hinge” of the door, partially severing it. She ran down to the nurse’s office, and was then taken to the hospital.
On December 16, 2010, the infant plaintiff, by her mother, and her mother individually, filed a notice of claim upon the School District without leave of court. The plaintiffs then commenced this action, inter alia, to recover damages for personal injuries. Thereafter, on November 7, 2011, in response to the School District’s motion to dismiss the complaint based on their failure to timely serve a notice of claim, the plaintiffs cross-moved for leave to serve a late notice of claim, submitting the same notice of claim previously filed.
In determining whether to permit service of a late notice of claim, the court must consider all relevant facts and circum *666 stances, including whether (1) the public corporation (or its attorney or insurance carrier) acquired actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant’s infancy and the delay in service of a notice of claim, (3) the claimant had a reasonable excuse for the delay, and (4) the public corporation was prejudiced by the delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e [5]; Matter of Avalos v City of N.Y. Bd. of Educ., 67 AD3d 675, 675-676 [2009]; Matter of Formisano v Eastchester Union Free School Dist., 59 AD3d 543, 544 [2009]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147-153 [2008]).
“The presence or absence of any one factor is not necessarily determinative, but whether the public corporation had actual knowledge of the essential facts constituting the claim is ‘the most important, based upon its placement in the statute and its relation to other relevant factors’ ” (Matter of Nurse v City of New York, 87 AD3d 543, 544 [2011], quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 147 [citation omitted]). “In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves” (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 148). In other words, the municipal corporation must have knowledge of facts which demonstrate some connection between the happening of the accident and any negligence on its part (see Matter of Wright v City of New York, 66 AD3d 1037, 1038 [2009]).
The manner in which the infant plaintiff was injured did not suggest in any way a theory of how the School District was liable, whether based on negligent supervision, negligent hiring/ training, or the existence of a dangerous or defective condition in the door. To the contrary, it suggested only that her injury was the result of an accident, and a fairly common one at that, the infant plaintiff having carelessly left her hand near the hinge of the classroom door (see Ventura v New York City Dept. of Educ., 2012 NY Slip Op 31177[U] [Sup Ct, Queens County 2012]). The majority notes that, as recounted in the General Municipal Law § 50-h hearing testimony of the infant plaintiffs mother, she discussed a door with McKeown. However, it is not clear from that hearsay testimony whether McKeown was talk *667 ing about the classroom door, the bathroom door, or some other door at the school. Moreover, during that conversation, Mc-Keown gave no indication that whichever door he was talking about was in a defective or dangerous condition. McKeown was “upset about the door,” because “they wanted to keep [it] locked for some reason,” the mother “guess[ed],” in order “to prevent this.” When the School District’s counsel asked the mother to clarify her testimony, she said that she could not because she did not quite understand what McKeown meant, and that it was her recollection that he was just “voicing his concern” about the infant plaintiff. Since it is unclear from the mother’s testimony which door McKeown was talking about, and since the mother conceded that she did not understand the substance of McKeown’s comment about that door, McKeown’s comment cannot form the basis for a determination that the School District acquired actual knowledge of the essential facts constituting the claim.
The majority points out that the school nurse completed a medical form, but it detailed only the occurrence of an accident, stating “pinky of right hand accidently got caught in door and was closed on it.” A report merely describing the circumstances surrounding the accident, with no connection between the infant plaintiffs injuries and the allegedly negligent conduct of the School District, is insufficient to provide actual knowledge of the essential facts (see Matter of Wright v City of New York, 66 AD3d at 1038; Matter of Castro v Clarkstown Cent. School Dist., 65 AD3d 1141, 1142 [2009]; Matter of Scolo v Central Islip Union Free School Dist., 40 AD3d 1104, 1106 [2007]).
The fact that the infant plaintiff received stitches to her little finger and that employees of the School District inquired about her condition following the accident suggests only that the School District had knowledge of the accident itself and the seriousness of her injury, which does not satisfy the actual knowledge factor since those facts do not also provide the School District with knowledge of the essential facts constituting the claim (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 155).
In fact, the plaintiffs themselves have shifted their theory of liability. In the notice of claim, the plaintiffs never alleged the existence of a dangerous or defective condition in the door, only that the School District was negligent in its supervision or hiring/training of its staff. It was in the complaint that the plaintiffs first alleged that the door was in a dangerous or defective condition. The plaintiffs’ uncertainty as to their theory of liability, both at the time they improperly filed their notice of *668 claim without leave and then when they sought leave, only underscores that the School District could not have been on notice as to the facts underlying the legal theory of liability from the mere happening of the accident years earlier (see Decoteau v City of New York, 97 AD3d 527 [2012]; see generally Finke v City of Glen Cove, 55 AD3d 785 [2008]; Bryant v City of New York, 188 AD2d 445 [1992]).
Further, the plaintiffs failed to carry their burden of demonstrating that the delay would not substantially prejudice the School District in maintaining its defense on the merits (see Matter of Taylor v County of Suffolk, 90 AD3d 769, 770 [2011]). Since the manner in which the infant plaintiff was injured did not suggest any negligence on the part of the School District, it had no reason to conduct a prompt investigation, particularly into the condition of the classroom door at issue (see Matter of Scolo v Central Islip Union Free School Dist., 40 AD3d at 1106; Matter of Price v Board of Educ. of City of Yonkers, 300 AD2d 310, 311 [2002]).
Finally, the plaintiffs failed to provide a reasonable excuse for their failure to comply with the notice of claim requirement, as the majority tacitly acknowledges. There is no connection between her infancy and the delay in filing the notice of claim (see Matter of Doe v Goshen Cent. School Dist., 13 AD3d 526, 526-527 [2004]). Ignorance of the notice of claim requirement is not a reasonable excuse (see e.g. Matter of Wright v City of New York, 99 AD3d 717, 719 [2012]).
Accordingly, I respectfully vote to reverse the order insofar as appealed from, to deny that branch of the plaintiffs’ cross motion which was for leave to serve a late notice of claim, and to grant the School District’s motion to dismiss the complaint.