Lavette Miller, Plaintiff-Respondent,
against
Mariama Delph, Defendant-Appellant.




Defendant appeals from an order of the Civil Court of the City of New York, New York County (Denise M. Dominguez, J.), dated May 10, 2019, which denied her motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Denise M. Dominguez, J.), dated May 10, 2019, reversed, with $10 costs, defendant's motion granted and complaint dismissed. The Clerk is directed to enter judgment accordingly.
Plaintiff, whose probationary employment as a 311 operator was terminated by the City of New York, commenced this action against her former supervisor, defendant Mariama Delph, alleging "loss of employment due to discrimination of my appearance, false accusations in writing, harassment and loss of time from work." Plaintiff's cause of action for discrimination was previously dismissed by Civil Court, and is not at issue on this appeal.
In her motion for summary judgment, defendant established, prima facie, that plaintiff's remaining claims should be dismissed (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). Initially, plaintiff's claims are barred because she did not timely file a notice of claim (see Troy-McKoy v City of New York Parks & Recreation Dept., 170 AD3d 537 [2019], lv denied 34 NY3d 905 [2019]). "The failure to timely serve a notice of claim in a tort action against an employee of a municipality who was acting within the scope of his [or her] public employment and in the discharge of his [or her] duties when the tort allegedly was committed requires dismissal of the complaint" (Dorce v. United Rentals N. Am., Inc., 78 AD3d 1110, 1110 [2010], lv denied 18 NY3d 807 [2012]; see General Municipal Law § 50—e[1][b]).
In any event, the claims are properly dismissed on the merits. The alleged defamatory statements made by defendant regarding, inter alia, plaintiff's poor job performance, lateness for work, and failure to follow direct orders of her supervisors, were protected by a qualified privilege, since defendant made them to other persons who had an interest in her assessment of plaintiff's work behavior (see Bayer v City of New York, 60 AD3d 713, 714 [2009], lv denied 13 NY3d 707 [2009]). In opposition, plaintiff failed to raise any issue of fact that the statements were motivated solely by malice (see Phelan v Huntington Tri-Vil. Little League, Inc., 57 AD3d 503 [2008]; Burns v Palazola, 22 AD3d 779, 780 [2005]).
To the extent that plaintiff seeks to recover damages based upon allegations of [*2]harassment by defendant, New York does not recognize a common-law cause of action to recover damages for harassment (see Adeniran v State of New York, 106 AD3d 844, 845 [2013]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: February 21, 2020