Matter of Schlussler v County of Suffolk
2026 NY Slip Op 03968
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Peter Schlussler, appellant,
v
County of Suffolk, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-04314, (Index No. 626588/23)
Francesca E. Connolly, J.P.
Valerie Brathwaite Nelson
Barry E. Warhit
Elena Goldberg Velazquez, JJ.

Abrams Fensterman, LLP, White Plains, NY (Amy Marion, Lisa Colosi Florio, and Steven Still of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Susan A. Flynn of counsel), for respondents.

[*1]
DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated February 21, 2024. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner was director of optical imaging for the Suffolk County Clerk's Office. He alleges that on December 21, 2022, and on other dates thereafter up to and including April 13, 2023, the County Executive and employees of the County of Suffolk made defamatory statements about him in relation to a ransomware cyberattack on the computer systems of the County Clerk's Office. The alleged statements faulted the petitioner for doing or failing to do certain things that allegedly left the County Clerk's Office vulnerable to the attack. On or about October 26, 2023, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. In an order dated February 21, 2024, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
In determining whether to grant or deny leave to serve a late notice of claim, "the court shall consider, in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim" within 90 days of the claim's accrual (General Municipal Law § 50-e[5]). The court shall also consider "all other relevant facts and circumstances," including "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (id.), and "whether the petitioner had a reasonable excuse for failing to serve a timely notice of claim" (Matter of Jaime v City of New York, 41 NY3d 531, 541).
Here, the petitioner failed to demonstrate that the County had actual knowledge of the essential facts constituting his claim. That the County Executive and employees of the County made the allegedly defamatory statements did not establish that the County was aware of the essential facts constituting the defamation claim, including the alleged falsity of the purportedly defamatory statements (see Tegay v Rocky Point Sch. Dist., 101 AD3d 985, 986; Buchanan v Beacon City School Dist., 79 AD3d 961, 962; see also Matter of Jaime v City of New York, 41 NY3d at 540-[*2]545; Matter of Bermudez v City of New York, 167 AD3d 733, 734). Furthermore, the petitioner did not proffer any excuse for the delay in seeking leave to serve a late notice of claim and did not demonstrate that the delay did not substantially prejudice the County's ability to investigate and defend against the claim (see Tegay v Rocky Point Sch. Dist., 101 AD3d at 986; Buchanan v Beacon City School Dist., 79 AD3d at 962). Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court